UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

MICHAEL D NICHOLS                        CASE NO.  2:24-cv-01582

VERSUS                                   JUDGE JAMES D. CAIN, JR.

ASCOT SPECIALTY INS CO ET AL             MAGISTRATE JUDGE LEBLANC

MEMORANDUM ORDER

Before the court is a Motion for Sanctions filed by plaintiff Michael Nichols.  Doc. 34. Defendants Mt. Everest Trucking LLC ("Mt. Everest"), Ascot Specialty Insurance Company ("Ascot"), and LeJeune Marez Scott (collectively, "Defendants") oppose the motion [doc. 39], and Plaintiff has replied [doc. 44], making this motion ripe for resolution.  For reasons set forth below, the motion is **DENIED**.

I.
BACKGROUND

This dispute arises from an automobile collision between Plaintiff and defendant Scott. Doc. 1, att. 2.  Plaintiff seeks recovery from Scott; Scott's then-employer, Mt. Everest; and Mt. Everest and Scott's liability insurance provider, Ascot. *Id.* at ¶1.

On April 21, 2025, Plaintiff served Scott with a subpoena commanding his appearance at a deposition scheduled for May 14, 2025. Doc. 24, att. 9.  Scott failed to appear for this deposition. *Id.* at att. 10.  After a Rule 37 conference between counsel on November 7, 2025, Scott's deposition was rescheduled for December 3, 2025. *Id.* at atts. 11-12.  Although the deposition was properly noticed through Scott's counsel, Plaintiff's process server was unable to serve Scott with another subpoena. *Id.* at att. 14.  Specifically, the process server attested to multiple attempts at the address

- 1 -

where service on Scott was previously successful but was met with unanswered knocks on the door (although there were cars in the driveway) or Scott's mother telling him to return at a later date. *Id.*  On December 3, 2025, Scott, again, failed to appear for the noticed deposition. *Id.* at att. 13.

On March 19, 2026, Plaintiff filed a Motion to Compel seeking an order compelling Scott to appear for deposition.  Doc. 24, p. 3.   With trial looming, the Court ordered expedited briefing on the motion.  Doc. 26.  Mt. Everest and Ascot opposed the motion on March 25, 2026.  Doc. 27. In that opposition, defense counsel admitted having never had any contact with Scott. [1]  *Id*. at p.1. On March 27, 2026, the Court conducted a telephone conference with the parties to address the motion [doc. 30] and, following discussions with counsel, the Court granted the motion, ordering Scott to appear for deposition on or before April 10, 2026 [doc. 31].

Pursuant to the court's Order [doc. 31], Plaintiff noticed Scott's deposition for April 8, 2026. Doc. 34, att. 1, p. 2.  Scott, again, failed to appear on that date. *Id.*  Accordingly, Plaintiff filed the instant Motion for Sanctions seeking an order barring Scott from supplying any testimony or evidence at trial, hearing, or on any motion in this matter due to his failure to appear in violation of this court's Order. Doc. 34, att. 1, p. 3.  In response, Defendants advise that they have recently confirmed through a private investigator that Scott has been incarcerated since April 24, 2025, and is currently being held in a facility in Texas. Doc. 39, pp. 1-2 & att. 1, p. 2.  As such, Scott was incarcerated just three days after being served with the original deposition subpoena and on the dates of each noticed deposition. *Id.* at p. 2.  Accordingly, Defendants ask the court to deny the

---

[1] In their opposition to the Motion to Compel, Mt. Everest and Ascot suggest that service of the original Petition for Damages on Scott was never proper, such that this Court lacks personal jurisdiction over Scott.  Doc. 27, p. 3.  An Answer to Petition for Damages was filed on behalf of Scott (doc. 7), and neither in the Answer nor in any timely filed motion did Scott challenge the sufficiency of service on him or this Court's jurisdiction over him (*see* Fed R. Civ. P. 12(b)).  As such, these issues are not before the Court.

instant motion because Scott's failure to appear at the ordered deposition was substantially justified and is now curable. Doc. 39, p. 4.

Plaintiff, however, replied, asserting that sanctions are still justified because Defendants were told Scott was incarcerated during Mt. Everest's December 17, 2025 30(b)(6) deposition. Doc. 44, p. 1. Specifically, Plaintiff points to the deposition transcript of Mt. Everest's corporate representative who testified "as of this time [Scott]'s incarcerated[.]" *Id.* at att., 1, p. 2. When asked if he knew where Scott was incarcerated, the representative stated "[s]omehwere in Louisiana." *Id.* Further, when the representative was asked whether he could help counsel locate the facility where Scott was being held, the representative answered in the affirmative. *Id.* at pp. 2-3. Based on this testimony, Plaintiff argues sanctions are appropriate because "Defendants did not make diligent efforts to produce Mr. Scott for deposition or find Mr. Scott so that his deposition could be taken." Doc. 44, p. 4.

At this point, the Court makes note of the following additional salient facts. As of December 17, 2025, **all** counsel were on notice that Scott was likely incarcerated, as certainly counsel for all parties participated in the deposition of Mt. Everest where that fact came to light. Despite this information, none of the filings in connection with the Motion to Compel mentioned imprisonment as a possible explanation for Scott's failure to appear for his depositions, and neither counsel raised it in the March 27, 2026 telephone conference with the Court. Indeed, no one suggested to the Court that granting the Motion to Compel and ordering Scott to appear for a deposition may be futile because Scott might be in jail.

## II.
### LAW & ANALYSIS

Rule 37(d) of the Federal Rules of Civil Procedure allows the court to impose appropriate sanctions when a party fails to appear for his deposition after being properly served with notice. Such sanctions may include

> **(i)** directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> **(ii)** prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> **(iii)** striking pleadings in whole or in part;
>
> **(iv)** staying further proceedings until the order is obeyed;
>
> **(v)** dismissing the action or proceeding in whole or in part;
>
> **(vi)** rendering a default judgment against the disobedient party [.]

Fed. R. Civ. P. 37(d)(3). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.*

Scott's non-appearances in this case seem to have been the result of Scott's incarceration and not any willful failure or refusal to appear. To this point, while Plaintiff argues that Defendants learned of Scott's incarceration during the December 17, 2025, corporate deposition of Mt. Everest, Plaintiff fails to acknowledge that he also learned of Scott's incarceration at that time. Plaintiff does not offer that, following the deposition, he made any subsequent request to Mt. Everest or Ascot seeking any additional information that these defendants may have had regarding Scott's incarceration, nor does Plaintiff offer any indication of its own efforts to investigate this testimony to learn for himself Scott's whereabouts. What the parties' arguments do make clear, however, is that at least as of the December 2025 deposition of Mt. Everest's representative all

- 4 -

parties were aware of Scott's incarceration, [2] and none of the parties bothered to mention that fact to the Court in connection with Plaintiff's previous Motion to Compel. Instead, the parties allowed the Court to order Scott's deposition and noticed his deposition knowing those efforts would be futile.

On these facts, the Court finds Scott's nonappearance for his depositions to have been substantially justified and believes the original order compelling his appearance was based on less than complete information and so was inappropriate. Blame for the current circumstance, instead, falls squarely at the feet of the parties, all of whom failed to exercise diligence in this matter. Accordingly, Plaintiff's Motion for Sanctions [doc. 34] is **DENIED**.

The Court recognizes that trial in this matter remains on track to proceed as scheduled on May 18, 2026, and the issue of Scott's availability and participation in that trial remains an open issue now that his whereabouts are known. If and when Scott's participation in trial is sought, any party objecting to such participation may raise such objection at that time for the Court's consideration.

---

[2] The Louisiana Uniform Crash Report attached to Plaintiff's Motion to Compel indicates the vehicle being operated by Scott had a Texas license plate, provided a Beaumont, Texas, address for Scott, and noted Scott had a Texas driver's license. Doc. 24, att. 4. Plaintiff's original Petition for Damages asserts that Scott is a resident and domiciled in the State of Texas. *Id*. at att. 5. That petition was served on Scott via the Louisiana Long-Arm Statute by certified mail to an address in Beaumont, Texas. Doc. 1, atts. 3, 4. The first subpoena to Scott was served on him personally at that same address in Beaumont, Texas. Doc. 24, att. 9. The second deposition notice fixed the location of the deposition at a law firm in Beaumont, Texas, and was accompanied by a subpoena directed to Scott at a Beaumont, Texas, address different from the first subpoena. *Id*. at att. 12. Attached to the procés verbal of the second deposition are multiple Affidavits of Due Diligence executed by Plaintiff's process servers in Jefferson County, Texas, and providing that each of the process servers' address is in Beaumont, Texas. *Id*. at att. 14. Based on the foregoing, it seems logical to this Court that anyone trying to locate Scott, who has information that he may be incarcerated, would contemplate that he may be jailed in Texas. In just a few minutes, using a rather rudimentary Google search, the Court found "Inmate Information Details" for "Scott, Lejeune" who was sentenced in Jefferson County, Texas, (Beaumont being the county seat of Jefferson County) on April 24, 2025, and appears to be currently incarcerated at the James "Jay" H. Byrd Unit in Huntsville, Texas. *See* https://inmate.tdcj.texas.gov/Inmate      Search/ and www.tdcj.texas.gov/unit_directory/du.html.

## III.
### CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions [doc. 34] is **DENIED**.

**SO ORDERED** at Lake Charles, Louisiana, this 24th day of April, 2026.

_____
**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**